```
iUNITED STATES DISTRICT COURT                                USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                                DOCUMENT
                                                             ELECTRONICALLY FILED
------------------------------------------------------------ X   DOC #:_____
                                                      :          DATE FILED: 2/15/2019
NATHANIEL GEEBRO,                                     :
                                                      :
                              Plaintiff,              :      17 Civ. 8287 (LGS)
                                                      :
                                                      :      OPINION AND ORDER
                    -against-                         :
                                                      :
                                                      :
                                                      :
BPR 4000 LLC, et al.,                                 :
                              Defendants.             :
                                                      :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Nathaniel Geebro brings this action under Title VII, New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL") and 42 U.S.C. § 1981 against BPR 4000 LLC ("BPR"), Shmiel Deutsch, Boston Post LLC ("Boston Post") and Lev Bias Yaakov School ("LBY School"). Defendants filed a motion to dismiss Plaintiff's Title VII, NYSHRL and NYCHRL claims, but not the § 1981 claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion is granted.

I.  BACKGROUND

The following facts are taken from the Complaint and Plaintiff's opposition memorandum (collectively, the "Complaint"). *See Coke v. Med., Dep't of Corr. & Cmty. Supervision*, No. 17 Civ. 0866, 2018 WL 2041388, at *1 n. 2 (S.D.N.Y. Apr. 30, 2018) ("[W]hen a *pro se* plaintiff's opposition memoranda raise[] new allegations that are 'consistent with the allegations' in the Complaint, these allegations may be read as 'supplements to th[e] pleadings.'") (some alteration in original). As required on a motion to dismiss, these facts are

accepted as true and construed in the light most favorable to Plaintiff. *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017). The parties' reliance on evidence that is not integral to the Complaint -- such as declarations or third-party websites -- is improper on a motion to dismiss, *see Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016), unless the Court converts the motion to one for summary judgment, which the Court declines to do.

### A. Plaintiff's Employment

Plaintiff Nathaniel Geebro is a forty-six-year-old male of African descent. Defendant Shmiel Deutsch is the "owner" of Defendants Boston Post and BPR, two entities that operate a strip-mall with 24 stores called Shopwell Plaza ("Shopwell") in the Bronx, New York. In 2001, Deutsch hired Geebro to perform maintenance, cleaning, construction and security functions at Shopwell. From 2001 to 2015, Deutsch came to Shopwell weekly to pick up rental checks from tenants, and each week he addressed Plaintiff as "monkey," "gorilla," "slave" and "moron." Deutsch also forced Plaintiff to sleep in a rat-infested electrical closet when he was working late at night on weekends.

In addition to managing Shopwell, Deutsch was also the "owner" and admissions director of LBY School, a school and synagogue located in Brooklyn, New York. In 2013, Deutsch asked Geebro to perform work on a construction project at the school for a few weeks but refused to pay Geebro for the work. Plaintiff previously settled his wage and hour claims against Defendants, although the scope of the settlement and release are unclear.

On April 14, 2015, Plaintiff suffered a work-related shoulder injury that required surgery and a medical leave of approximately one to two months. Deutsch threatened to fire Plaintiff if he did not find a replacement before taking the leave. He told Plaintiff, "You are a strong

Gorilla, you don't need to go to the hospital." Plaintiff arranged for a temporary replacement to do his work in June 2015. On July 1, 2015, Deutsch discharged Plaintiff.

### B. EEOC Letters

The EEOC sent Plaintiff two right to sue letters, which are attached to the Complaint. The first, dated February 12, 2016, notified Plaintiff that his EEOC charge (EEOC Charge No. 16G-2015-02923) was dismissed because the EEOC had "No jurisdiction less than 15 employees," and the letter was copied to "Sam Deutsch, Manager for Property BOSTON POST LLC" at an address in Manhattan. The second letter is dated August 30, 2017, notifying Plaintiff that the EEOC was closing its file on Plaintiff's charge (EEOC Charge No. 520-2017-03319) because it was not timely filed with the EEOC, with a copy to "Samuel Dutch, Director of Human Resources, JERICHO ELEMENTARY SCHOOL" at a street address in Jericho, Vermont. Both letters stated that Plaintiff must file any Title VII claim (as well as certain other federal claims not relevant here) within 90 days of receiving the notice.

## II. STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the

speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (internal quotation marks omitted).

Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation . . . of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 156–57 (internal quotation marks omitted). "We afford a pro se litigant 'special solicitude' by interpreting a complaint filed pro se to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks omitted).

## III. DISCUSSION

### A. Claims against LBY School

The Complaint appears to bring a claim for unpaid wages against LBY School and Deutsch. The Complaint alleges that Deutsch asked Geebro to work on a construction project at LBY School but refused to pay him, stating that this construction work was part of his employment at Shopwell. However, the Complaint also alleges that the wage claims between Plaintiff and Defendants were resolved. It is unclear whether the settlement agreement between Plaintiff and Defendants resolved the wage claim as to Plaintiff's construction work at LBY.

As the Complaint does not include any factual allegations against LBY School to support a claim of employment discrimination, all claims currently alleged against LBY School are dismissed.

**B.    Title VII Claim**

The Complaint's Title VII claim is dismissed. "Title VII requires a plaintiff to exhaust administrative remedies before filing suit in federal court." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015). A Title VII action must be brought within 90 days of the EEOC's notification of a claimant's right to sue. 42 U.S.C. § 2000e–5(f)(1).

Here, Plaintiff's first right to sue letter was mailed on February 12, 2016, and Plaintiff did not file suit until twenty months later, on October 26, 2017. This is well past the 90-day deadline required by the statute. Plaintiff's second right to sue letter was issued within 90 days of the commencement of this action, but appears to have nothing to do with this action or the Defendants here. The letter is copied to Samuel Dutch and appears to address Plaintiff's claim against "Jericho Elementary School" in Vermont, which is unrelated to the racial discrimination claims alleged here against Boston Post, BPR and Deutsch in connection with Plaintiff's employment at Shopwell. Plaintiff's Title VII claim is dismissed.[1]

---

[1] The Complaint alleges that Deutsch failed to accommodate Plaintiff's disability after his shoulder injury, but Plaintiff did not check the box in his Complaint to indicate that he was bringing an Americans with Disabilities Act ("ADA") claim. It is unclear whether Plaintiff's EEOC claim against Boston Post included the ADA claim. If it did not, that claim would be dismissed for failure to exhaust administrative remedies. *See Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018) ("[A] plaintiff seeking to bring a claim pursuant to the Americans with Disabilities Act . . . must exhaust administrative remedies through the EEOC."). Even if his EEOC claim did include the failure to accommodate, that claim would be time barred like the Title VII claim because this action was commenced more than 90 days after the right to sue letter.

### C. NYSHRL and NYCHRL Claims

Plaintiff's NYSHRL and NYCHRL claims are dismissed. An employer is not subject to the NYSHRL and NYCHRL if it employs fewer than four people. N.Y. Exec. Law 292(5); N.Y.C. Admin. Code § 8-102(5). The Complaint does not allege that BPR and Boston Post, separately or together, employ at least four individuals. *See Popat v. Levy*, 253 F. Supp. 3d 527, 543 (W.D.N.Y. 2017) ("[B]ecause Plaintiff has not sufficiently alleged that UBNS is his employer for NYSHRL purposes, the Court dismisses Plaintiff's claims against UBNS arising under the NYSHRL."); *Wermann v. Excel Dentistry, P.C.*, No. 13 Civ. 7028, 2014 WL 846723, at *3 (S.D.N.Y. Feb. 25, 2014) (denying motion to dismiss NYCHRL and NYSHRL claims when plaintiff's complaint identified at least four people employed by defendant); *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 347 (S.D.N.Y. 2014) (noting that plaintiff did not specifically allege the number of employees in his complaint but taking judicial notice of the number of employees stated on employer's website in adjudicating a motion to dismiss).

### D. Leave to Replead

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999). Leave to amend also may be denied where the plaintiff "fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Any application for leave to replead shall be made as provided below.

Any effort to replead the Title VII claim would be futile because Plaintiff did not timely commence this action after the denial of the related EEOC claim.

The Court believes that any effort to replead the NYSHRL and NYCHRL claims would be futile because Plaintiff cannot allege facts to plausibly show that Boston Post and BPR, either alone or together, have at least four employees. If Plaintiff believes otherwise, he may file a letter application (by filing it with the Pro Se Intake Office), not to exceed three single-spaced pages, describing how he would amend the complaint to comply with the applicable legal requirements.

If Plaintiff's settlement agreement with Defendants did not resolve wage claims against LBY School and Deutsch for his construction work at LBY School, he may propose an amendment to the Complaint to add a wage claim against LBY School and Deutsch, attaching a copy of the settlement agreement or other relevant document.

Plaintiff is also reminded that Defendants have not moved to dismiss Plaintiff's § 1981 discrimination claim, and this cause of action will move forward even if he does not propose to amend the Complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Title VII, NYSHRL and NYCHRL claims is GRANTED. If Plaintiff seeks to file an amended complaint, he shall file a letter application as described above on or before March 18, 2019.

The Clerk of Court is respectfully directed to close the motion at Docket Number 45, and to mail a copy of this Opinion and Order to pro se Plaintiff.

Dated: February 15, 2019
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**